# EXHIBIT A

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Plaintiffs John Ochei and Charles Okpokwu, (hereinafter referred to as the "Plaintiffs") and Defendants Solomon Bekele; Mike Abebe; Rapid Taxi Company, Inc.; Yellow Cab of Georgia, Inc. and Addis, Inc. (hereinafter referred to as "Defendants"). Plaintiffs and Defendants are referred to collectively as the "Parties."

## RECITALS

1.      Plaintiffs filed this suit in the United States District Court for the Northern District of Georgia titled Charles Okpokwu and John Ochei v. Rapid Taxi Company, Inc.; Yellow Cab of Georgia, Inc.; Solomon Bekele; Addis, Inc. and Mike Abebe, Case No. 1:12-CV-02273-HLM-WEJ (the "Action").

2.      In the Action, Plaintiffs alleged violations of applicable wage laws and alleged that the disaffiliation of Plaintiffs from Defendants was improper and was retaliatory under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs sought lost earnings, liquidated damages, attorneys' fees, costs, interest, and such further relief deemed appropriate by the Court or jury.

3.      The Parties have engaged in extensive negotiations concerning the settlement of the claims asserted in the Action. Plaintiffs have reached a tentative settlement with Defendants. The settlement memorialized in this Settlement

Agreement reflects that settlement. At all times, the Parties' settlement discussions were non-collusive and at arms' length.

4.      Plaintiffs have concluded, based upon their investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final trial, the risks and costs of further prosecution of the Action, the uncertainties of litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendants on the terms set forth here is fair, reasonable, and adequate, and in the best interests of the Plaintiffs. Plaintiffs have agreed to settle this Action with Defendants on the terms set forth herein.

## AGREEMENT

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

## 1.      RECITALS

The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

## 2.   SETTLEMENT CONSIDERATION

In consideration of the promises, covenants, and releases hereinafter set forth, the Parties agree as follows:

A.    Plaintiffs and their attorneys, shall receive a total amount of two-hundred fifty thousand dollars ($250,000.00), which includes but is not limited to the amount of lost earnings to which Plaintiffs claim they are entitled and attorneys' fees, expenses and costs.

B.    The settlement amount paid to Plaintiff shall be apportioned as follows:

(1)    a payment for the sum of fifty-five thousand ($55,000.00) in compensatory damages, to Plaintiff John Ochei, for which a 1099 shall be issued, at the time and to the extent required by law;

(2)    a payment for the sum of fifty-five thousand ($55,000.00) in compensatory damages, to Plaintiff Charles Okpokwu, for which a 1099 shall be issued, at the time and to the extent required by law; and

(3)    Plaintiffs hereby acknowledge that they shall receive only the payments set forth in this Section 2 of this Settlement

Agreement and that they are not entitled to any other payments or compensation from Defendants.

C.    In addition to the amounts set forth in Section 2(B), Defendant shall pay to Plaintiff's counsel, Mays and Kerr, LLC, the amount of one hundred forty thousand dollars ($140,000.00) in attorney's fees, costs, and expenses for all services rendered to Plaintiff, which amount will be included on a form 1099 issued to the firm at the time and to the extent required by law. Except as provided herein, the Parties shall bear their own attorney's fees, costs and expenses incurred in the prosecution, defense and/or settlement of the Action. The payments shall be made by VNC Management, LLC, successor entity to Defendant Addis, Inc.

D.    At such time as Defendants complete making payments, Plaintiffs will dismiss this Action with prejudice. Plaintiffs and Defendants agree that they will take all steps necessary to attempt to obtain the Court's approval of this Settlement Agreement. If the Court has not approved the Agreement at the time that the first payment is due from Defendants on September 15, 2014, counsel for Defendants will hold the fifty thousand dollars in funds in trust until the Court approves the Agreement, at which time the payment will be tendered to Mays & Kerr, LLC.

E.    The payments set forth in Section 2(B) and 2(C) shall be delivered by Defendants to Plaintiff's counsel in monthly payments as outlined in the Promissory Agreement attached as Exhibit "B" to the Parties' Joint Motion to

Approve Settlement Agreement Pursuant to the Fair Labor Standards Act between September 15, 2014 and March 15, 2015. The payment schedule is as follows:

> a.    $50,000 payment on or before September 15, 2014;
>
> b.    $35,000 payment on or before October 15, 2014;
>
> c.     $35,000 payment on or before November 15, 2014;
>
> d.    $35,000 payment on or before December 15, 2014;
>
> e.    $35,000 payment on or before January 15, 2015;
>
> f.     $35,000 payment on or before February 15, 2015;
>
> g.    $25,000 payment on or before March 15, 2015

Each payment will be made to Mays & Kerr LLC IOLTA Account. Upon receipt and clearance of Defendants' final payment, Plaintiffs will file a dismissal of the Action with prejudice. Plaintiffs understand that Defendants make no representations regarding the tax consequences or liability arising from said payments. Plaintiffs understand and agree that any and all tax liability that may be due or become due because of the payments referenced above are their sole responsibilities, and that they will pay any such taxes that may be due or become due.

### 3.    ORDER DISMISSING CLAIMS WITH PREJUDICE

After the Court has approved the terms of this Settlement Agreement and

after Defendants have completed making the payments totaling two-hundred fifty

thousand dollars ($250,000.00), Plaintiffs will file a Stipulation of Dismissal with

Prejudice and will take such other steps, if any, necessary to obtain the entry of an

Order dismissing the Action with prejudice.

### 4. FAILURE TO TIMELY MAKE PAYMENT, CURE OF FAILURE TO TIMELY MAKE PAYMENT AND ENTRY OF CONSENT JUDGMENT IN EVENT OF DEFAULT

If Defendants fail to make a timely payment pursuant to the payment

schedule outlined in the Promissory Note and Paragraph 2E of the Settlement

Agreement above, on the 16th of the month or any day after the due payment date

of the 15th of any applicable month outlined pursuant to the payment period in the

Promissory Note and Paragraph 2E of the Settlement Agreement above, Plaintiffs

shall place Defendants on written notice of failure to make a timely payment.

Defendants shall be given five (5) business days to cure any default on failure to

make a timely payment.  Written notice shall be deemed received by Defendants

on the day that Plaintiffs send notice of default by e-mail to Defendants attorneys,

Will    Adams,    at    wadams@taylorenglish.com    and    Mike    Lober    at

mjlober@gmail.com and mjlober@ldd.com.  In the event that Defendants fail to

cure the failure to pay within five (5) business days of receiving written notice,

Plaintiffs shall be entitled to enter a Consent Judgment in the amount of three-hundred twenty-five thousand dollars ($325,000.00) minus any previous payments made by Defendants pursuant to the Promissory Note and the payment period outlined in Paragraph 2E of the Agreement. Plaintiffs agree to take no action to apply to the Court for a consent judgment against Defendants as long as Defendants make the payments as required by this Agreement and the Promissory Note.

## 5. RELEASE OF CLAIMS AND COVENANT NOT TO SUE

A.      Plaintiffs on their own behalf and on behalf of any executor, administrator, representative, attorney, agent, heir or assign, or anyone acting by or for Plaintiffs or on Plaintiffs' behalf hereby waive all claims against the Released Parties, and releases the Released Parties of and from any and all claims, demands, actions, liabilities or damages (including attorneys' fees), whether known or now unknown (including but not limited to claims asserted in the Action and claims arising out of or relating in any way whatsoever to Plaintiff's employment with Defendant and separation from such employment) existing or occurring on or prior to the date that Plaintiff signs this Settlement Agreement (the "General Waiver and Release").

B.      For purposes of this Settlement Agreement, "Released Parties" means and includes Defendants, all of their affiliated, subsidiaries, and parent companies,

doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, employee benefit plans, fiduciaries and agents of such employee benefit plans, independent contractors, representatives, attorneys, shareholders, members, interest holders, predecessors, successors, and assigns, which parties shall include but are not limited to VFH Captive Insurance Company, Inc.; Crown Captive Insurance Company; Abebe & Company, LLC; Obtain Enterprises, LLC; Abebe Ventures, LLC; VNC Management, LLC; and Abebe Holdings, LLC.

C.     Released Parties on their own behalf and on behalf of any executor, administrator, representative, attorney, agent, heir or assign, or anyone acting by or for Released Parties or on Released Parties' behalf hereby waive all claims against the Plaintiffs, and release Plaintiffs of and from any and all claims, demands, actions, liabilities or damages (including attorneys' fees), whether known or now unknown (including but not limited to claims asserted in the Action and claims arising out of or relating in any way whatsoever to Plaintiff's employment with Defendant and separation from such employment) existing or occurring on or prior to the date that Released Parties sign this Settlement Agreement (the "General Waiver and Release").

D.     This General Waiver and Release includes, but is not limited to, claims arising under any and all federal, state and local constitutions, statutes, ordinances and regulations (such as, but not limited to, claims under the FLSA; the Civil Rights Act of 1866 (Section 1981), 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 stat. 1071 (1991); Executive Order 11246; the Equal Pay Act of 1963, 29 U.S.C. § 206; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, et seq.; COBRA; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; the Worker Adjustment & Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.; the Sarbanes-Oxley Act of 2002 ("SOX"), Pub. L. No. 107-204, 116 Stat. 745-810; all as amended; and the Georgia Labor Code); and any and all statutory and common law rights whether arising at law or in equity, including, but not limited to, torts, estoppel, waiver, personal injury, contract, fraud, misrepresentation, defamation, slander, breach of duty or negligence of or by any or all of the Released Parties.

E.     Notwithstanding anything set forth above to the contrary: (i) the General Waiver and Release includes claims existing through the Effective Date of

this Settlement Agreement even if Plaintiffs do not know or suspect that such claims exist prior to such date, but Plaintiffs do not waive or release any claims or rights that may arise after the Effective Date of this Settlement Agreement.

F.     The General Waiver and Release may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit, claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Waiver and Release.

G.     Plaintiffs represent and warrant that they have not assigned nor will they assign any claim(s) released by the General Waiver and Release. If any such claim(s) has been or is assigned, and the assignee asserts such a claim against one or more of the Released Parties, then the Released Parties (a) will have the right to direct the defense of such a claim, including with respect to selection of counsel and whether and on what terms to settle, (b) will be entitled to be indemnified by Plaintiff with respect to any liability or settlement of the claim, and (c) will be entitled to be reimbursed for any and all fees, costs, and expenses of defending against the claim.  The foregoing remedies are in addition to and not in lieu of any damages or remedies to which the Released Parties would otherwise be entitled based on the assignment of such claim.

6. **CONFIDENTIALITY**

A.     Plaintiffs agree and promise that unless required to do so by law, they will not initiate or otherwise make any communications, whether oral or written, or otherwise reveal any information about this Settlement Agreement, or the fact that they are receiving payments set forth in Paragraph 2E to anyone, provided however, Plaintiffs may disclose, after advising them of the confidential nature of this settlement, the terms of the Agreement to their spouse(s), attorneys and tax advisors upon them agreeing to be bound by the confidentiality provisions herein.

7. **NO ADMISSION OF LIABILITY**

Defendants deny each of the claims asserted against them in the Action and make no admission whatsoever of liability. Defendants nevertheless desire to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action. Accordingly, the Parties agree, covenant and represent that this Settlement Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrong doing of any kind whatsoever by Defendants. Except as necessary to carry out the terms of this settlement, this Settlement Agreement shall be, without written consent from Defendants, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and

corresponding or similar state law rules of evidence. The settlement of the Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be uses as, an admission or evidence of any wrongdoing or liability on the part of the Defendants or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (3) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for certification of a collective or representative action.

## 8.   **MISCELLANEOUS PROVISIONS**

A.     All the Parties have been represented by counsel throughout all negotiations which preceded the execution of this Settlement Agreement and this Settlement Agreement is made with the consent and advice of counsel.

B.     This Settlement Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties and as approved by the Court.

C.     The Parties and their respective attorneys shall proceed diligently to prepare and execute all documents required to seek the necessary Court approvals and do all things necessary to consummate the settlement provided in this Settlement Agreement.

D.     This Settlement Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Settlement Agreement.

E.     Other than necessary disclosures made to the Court, documents filed with the Court, and/or statements made to the Court, the fact of settlement and all related information shall be held strictly confidential by Plaintiffs, Plaintiffs' counsel and their agents until such time as the Court approves the settlement.

F.     This Settlement Agreement is a contract between the Parties and not merely a recital. Should either of the Parties breach any term of this Settlement Agreement, the Party in breach will be liable to the other party for reasonable attorneys' fees and costs incurred in attempting to enforce the terms of this Settlement Agreement.

G.     This Settlement Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Georgia, both in its procedural and substantive aspects, and shall be entitled to the

continuing jurisdiction of the United States District Court for the Northern District of Georgia. This Settlement Agreement is deemed to have been drafted jointly by the Parties.

H.   Plaintiffs warrant that they are expressly authorized to enter into this Settlement Agreement.

I.   This Settlement Agreement shall be assignable to, and shall inure to the benefit of Defendants' successors and assigns, including but not limited to successors through merger, name change, or consolidation. Plaintiffs may not assign this Settlement Agreement in whole or in part to any other person or entity, by operation of law or otherwise, without the prior written consent of Defendants. Any attempted assignment by Plaintiffs without Defendants' prior written consent shall be null and void.

J.   The provisions of this Settlement Agreement are severable and if a court of competent jurisdiction rules that any provision or any portion of any provision of this Settlement Agreement is invalid or unenforceable, such a ruling will not affect the validity or enforceability of the remaining portions of the provision or of any other provision of this Settlement Agreement. If a court or other tribunal determines that any of the restrictions contained in this Settlement Agreement are unenforceable by reason of their extent, duration, scope, or otherwise, the court or tribunal may modify the restrictions, but only to the extent

necessary to render them enforceable, and, in their modified form, may enforce the restrictions. Alternatively, if the court or tribunal declines to modify the restrictions, the court or tribunal may sever the portions of the restrictions that the court or tribunal determines are unenforceable and enforce the remainder of the restrictions.

K.    This Settlement Agreement may be executed in counterparts, each of which shall be an original, and each of such counterparts shall together constitute but one and the same agreement.

L.    This Settlement Agreement shall become effective upon its execution by the last Party to sign below (the "Effective Date"), but shall become null and void if the Court enters an Order refusing to approve this Settlement Agreement.

Date: _September 5, 2014_

_____
Jeff Kerr

_____
John Mays
Georgia Bar No.
_Attorneys for John Ochei and Charles Okpokwu_

By: _____

      **JOHN OCHEI**

Date: _____

By: _____

      **CHARLES OKPOKWU**

Date: _____

FOR RAPID TAXI COMPANY, INC.

By: _____

Solomon Bekele

Date: _____9/10/14_____

FOR YELLOW CAB OF GEORGIA, INC.

By: _____

Solomon Bekele

Date: _____9/10/14_____

By: _____

Solomon Bekele

Date: _____9/10/14_____